## ANDERSON v. PITTSBURGH LUMBER Co.

*(Circuit Court, W. D. Pennsylvania. July 2, 1891.)*

PATENT FOR DESIGN—PENALTY FOR UNLICENSED SALE—EVIDENCE.

Complainant deposited in the mail, properly addressed to defendant company, a circular reciting that complainant's mantels had been patented by design patents, and that parties manufacturing after such designs would be prosecuted. Two of the three members of defendant firm testified that they had no knowledge of the receipt of the circular by their firm. Complainant's agent testified that he had a conversation with S., one of defendant firm, at its office, and said to such member

that he saw they had some mantels made by one G. after complainant's design; that S. admitted the fact, and, when asked if he knew that complainant had design patents, admitted that he did, and asked what complainant intended to do about the matter, to which the agent replied that he would try to protect his rights. *Held* that, while the presumption that defendant firm received the circular was not overcome, the testimony did not warrant the conclusion that defendant knew that G. had manufactured mantels in imitation of complainant's design without license, so as to make defendant liable for the penalty prescribed by Act Cong. Feb. 4, 1887.

In Equity.
*Wm. L. Pierce*, for complainant.
*Levi Bird Duff*, for defendants.

REED, J. The bill in this case alleges infringement of design patent No. 19,876, being new and useful improvements in a design for mantels. The answer raises the same issues as are involved in the case of *Anderson v. Saint*, 46 Fed. Rep. 760, (No. 20, Nov. Term, 1890,) and upon those questions, for the reasons set forth in the opinion in that case, I think the plaintiff is entitled to a decree. The facts as to the knowledge by the defendants that Germain, the manufacturer, had applied plaintiff's design without license, are somewhat different from those in the case of *Anderson v. Saint*, and require consideration before it can be decided whether the plaintiff is entitled to the penalty under the act of February 4, 1887. The patent in this case was granted June 3, 1890. In the latter part of June, 1890, a circular signed by the complainant was sent to the defendants, in which he said: "Our mantels are now patented by design patents, and which means that any parties manufacturing after any of our designs will be prosecuted for infringement." The testimony shows that this circular, properly addressed, was put in the post-office, and the presumption is that it was duly delivered to defendants. The defendant firm is composed of L. D. Strouse, L. L. Sattler, and L. Moeser. Mr. Strouse says that his firm did not to his knowledge receive the circular. Mr. Sattler says he never saw the letter, and has no knowledge of such a letter being received by the firm. The third partner was not examined. This testimony does not rebut the presumption that the defendant firm received the notice. Mr. Turner, then acting for the complainant, testifies that on or about August 25, 1890, he had a conversation with Mr. Sattler at the office of the firm, and said to the latter that he saw they had some of Germain's mantels made after Anderson's design, (the design in question in this case.) Mr. Sattler admitted the fact, and Mr. Turner asked if he knew that Anderson had design patents. Sattler said he knew that Anderson had patents, and asked what complainant proposed to do about the matter, and Turner says he gave him to understand that complainant would try to protect his rights in the matter. Mr. Sattler says he cannot remember any such conversation. The conversation probably occurred, but, in my judgment, the testimony will not justify the application of the act of 1887 in this case. Nothing has been shown to warrant the conclusion that the defendants knew that Germain had manufactured mantels in imitation of

complainant's design, without license from the complainant, and the burden is upon the latter to show this. He is not, therefore, entitled to the penalty as against these defendants.